**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC.<br><br>               Plaintiff,<br>v.<br><br>ENDLESS MOUNTAINS EXTENDED CARE, LLC<br><br>               Defendant. | Docket No. 4:24-cv-00701-MWB<br><br>JURY TRIAL DEMANDED<br><br>CHIEF JUDGE BRANN |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Stipulated Protective Order has been entered by Court.

**Proceedings and Information Governed.**

1.    This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party ("Producing Party") to any other party and includes non-parties who receive a subpoena in connection with this action ("Receiving Party"). The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, and other writings and things produced, given, or filed in this action that are designated by a party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (collectively, "Protected Information") in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

    2.    For purposes of this Protective Order:

    (a) The "Confidential" designation shall mean that the information is comprised of trade secrets or commercial information which is not publicly known and is proprietary or of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(7), or other information required by law or agreement to be kept confidential, including but not limited to, financial information.

    (b) The "Highly Confidential – Attorneys' Eyes Only" designation shall mean information that the Producing Party reasonably believes to qualify as Confidential information, the disclosure of which to the Receiving Party is, in the view of the Producing Party, likely to cause economic harm or significant competitive disadvantage to the Producing Party and that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, sensitive trade secret or proprietary information, including but not limited to, technical, marketing, and business plan information.

    (c) Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information has been disclosed to the public or third persons in a manner making such information no longer confidential.

    3.    Protected Information may be designated in the following manner.

    (a) Documents and things produced in the course of this litigation within the scope of Paragraph 2(a) above may be designated by the Producing Party as containing Confidential information by placing on each page and each thing a legend substantially as follows:

        **CONFIDENTIAL**
          -or-
        **CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER**

(b) Documents and things produced in the course of this litigation within the scope of Paragraph 2(b) above may be designated by the Producing Party as containing "Highly Confidential – Attorneys' Eyes Only" Protected Information by placing on each page and each thing a legend substantially as follows:

        **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
          -or-
        **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER**

(c) A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have twenty one (21) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Protected Information. If no such designation is made at the deposition or within such twenty one (21) calendar day period (during which period, the transcript shall be treated as "Highly Confidential – Attorneys' Eyes Only" Protected Information, unless the Producing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(d) It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Disclosure and Use of Protected Information.**

4. Protected Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may only be used for purposes of preparation, trial, and appeal of this action. Protected Information may not be used under any circumstances for prosecuting any trademark application or for any other purpose. Nothing in this Agreement shall prohibit or restrict the Producing Party from using its own Protected Information in any way.

5. Confidential information may be disclosed by the Receiving Party only to the following individuals provided that such individuals are informed of and shall be bound by the terms of this Protective Order:

(a) no more than seven (7) corporate representatives of the Receiving Party who are officers or employees of the Receiving Party and required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the Producing Party in advance of the initial disclosure of any such Confidential information and who have agreed to be bound by this Order by signing a copy of Exhibit A;

(b) outside counsel for the Receiving Party;

(c) supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, and legal clerks;

(d) experts or consultants retained by the Receiving Party to assist in this action, including such experts or consultants' employees, provided the disclosure is only to the extent necessary to perform such work and provided that (i) such expert or consultant has agreed to be bound by the conditions of this Order by signing a copy of Exhibit A; (ii) such expert or consultant is not an officer, director, employee, contractor, or agent of a party or a competitor of a party, nor

anticipated at the time of retention to become an officer, director, employee, contractor, agent, or competitor of a party; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties in accordance with Paragraph 8 herein;

(e) court reporters, stenographers, and videographers retained to record testimony taken in this action;

(f) any officer of the Producing Party during examination in a court or deposition provided the witness agrees to treat the information as Confidential information;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed, had access to, or knew the information;

(h) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(i) the Court and its personnel;

(j) any mediator who has been assigned to hear this matter, and his or her staff, subject to an agreement to maintain confidentiality to the same degree required by this Order; and

(k) any other person with the prior written consent of the Producing Party.

6. Highly Confidential – Attorneys' Eyes Only information may be disclosed by the Receiving Party only to the following individuals provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel for the Receiving Party;

(b) one (1) in-house counsel for the Receiving Party who is identified as such in writing to counsel for the Producing Party in advance of the initial disclosure of any such Highly

Confidential – Attorneys' Eyes Only information and who has agreed to be bound by this Order by signing a copy of Exhibit A;

(c) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, and legal clerks;

(d) experts or consultants retained by the Receiving Party to assist in this action, including such experts or consultants' employees, provided the disclosure is only to the extent necessary to perform such work and provided that (i) such expert or consultant has agreed to be bound by the conditions of this Order by signing a copy of Exhibit A; (ii) such expert or consultant is not an officer, director, employee, contractor, or agent of a party or a competitor of a party, nor anticipated at the time of retention to become an officer, director, employee, contractor, agent, or competitor of a party; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties in accordance with Paragraph 8 herein;

(e) court reporters, stenographers, and videographers retained to record testimony taken in this action;

(f) any officer of the Producing Party during examination in court or in deposition provided the witness agrees to treat the information as "Highly Confidential – Attorneys' Eyes Only" Protected Information;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed, had access to, or knew the information;

(h) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(i) the Court and its personnel;

(j) any mediator who has been assigned to hear this matter, and his or her staff, subject to an agreement to maintain confidentiality to the same degree required by this Order; and

(k) any other person with the prior written consent of the Producing Party.

7. For purposes of Paragraphs 5 and 6 above, Plaintiff and Defendant are each considered a Receiving Party.

8. Prior to disclosing Protected Information to a Receiving Party's proposed experts or consultants, said experts or consults must be provided a copy of this Agreement and sign Exhibit A hereto. In addition, prior to disclosing Protected Information to said experts or consultants, the Receiving Party shall provide to the Producing Party a signed Undertaking to this Stipulated Protective Order in the form attached as Exhibit A and the resume or curriculum vitae of the proposed expert or consultant, except that any certificate signed by and resume or curriculum vitae of an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied. The Producing Party shall thereafter have ten (10) days from receipt of such information to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within ten (10) days shall constitute approval. If the parties are unable to resolve any objection, the Receiving Party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the ten (10) day objection period, unless that period is waived by the Producing Party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion. Failure to object under this provision shall not be a bar to any motion in limine or the like as to the expert or consultant.

9.  Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Undertaking in the form attached as Exhibit A.

10. The Parties incorporate by reference the HIPAA ADDENDUM TO PROTECTIVE ORDER attached as Addendum A.

**Challenge to Designations.**

11. A Receiving Party may challenge a Producing Party's designation of Protected Information at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation by specifically identifying the documents or things and stating the grounds for the objection. The Producing Party shall then have fourteen (14) days after receipt of a challenge notice to advise the Receiving Party whether it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under the Civil Rules, the Receiving Party may at any time thereafter seek a Court Order to alter the confidential status of the designated Protected Information. Until any dispute under this Paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Inadvertent Failure to Designate.**

12. The inadvertent failure to designate or withhold any information as Confidential, Highly Confidential – Attorneys' Eyes Only, or privileged will not be deemed to waive a later claim as to its confidential or privileged nature so as to stop the Producing Party from designating such information as Confidential, Highly Confidential – Attorneys' Eyes Only, or privileged at a later date in writing and with particularity. The information shall be treated by the Receiving Party

as Confidential, Highly Confidential – Attorneys' Eyes Only, or privileged from the time the Receiving Party is notified in writing of the change in the designation.

**Unintentional Disclosure of Privileged Information.**

13.  The production (including the production of electronic discovery as part of a mass production) by a Party of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such produced information is made promptly after the Producing Party's discovery of the same.

14.  If the Producing Party notifies the Receiving Party that privileged materials have been produced (hereinafter referred to as the "Identified Materials"), each Receiving Party shall immediately return such Identified Materials and all copies to the Producing Party and, at the request of the Producing Party, destroy all copies.

15.  The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

16.  If any Receiving Party is in receipt of a document from a Producing Party which such Receiving Party has reason to believe is privileged, such Receiving Party shall in good faith take reasonable steps to promptly notify such Producing Party of the production of that document so that such Producing Party may determine whether it wishes to have the documents returned or destroyed pursuant to this Order.

**Non-Party Information.**

17.  The existence of this Stipulated Protective Order shall be disclosed to any non-party or person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any

such non-party or person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

17.     The Parties are authorized under this Court's Rules to file under seal with the Court any information that includes Protected Information under this Stipulated Protective Order.

**No Prejudice.**

18.     Producing or receiving Protected Information, or otherwise complying with the terms of this Stipulated Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

19.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Stipulated Protective Order shall be under an obligation to destroy or return to the Producing Party all materials and documents containing Protected Information, and to certify to the Producing Party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts,

exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Stipulated Protective Order.

20. The parties agree that the terms of this Order shall survive and remain in effect after the final determination of the above-captioned matter unless and until the parties agree otherwise in writing or a court of competent jurisdiction issues an order directing otherwise.

**Other Proceedings.**

21. By entering this Stipulated Protective Order and limiting the disclosure of Protected Information in this case, the Court does not intend to preclude another court or tribunal from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Stipulated Protective Order that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Stipulated Protective Order, shall promptly notify in writing that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Relief.**

22. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Stipulated Protective Order.

**Good Cause Exists For Entry of This Stipulated Protective Order.**

23. Entry of the proposed Stipulated Protective Order is appropriate under Rule 26(c)(1), which recognizes that protective orders are a proper means of protecting "confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

24. The parties submit that good cause exists for the Court to grant the Stipulated Protective Order, pursuant to the requirements of *Pansy v. Borough of Stroudsburg*, 23 F.3d 772,

786 (3d Cir. 1994). In assessing whether "good cause" exists, the Third Circuit has adopted a balancing approach, which considers the following factors:

> (a) whether disclosure will violate any privacy interest;
>
> (b) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> (c) whether disclosure of the information will cause a party embarrassment;
>
> (d) whether confidentiality is being sought over information important to public health and safety;
>
> (e) whether the sharing of information among litigants will promote fairness and efficiency;
>
> (f) whether a party benefiting from the order of confidentiality is a public entity or official; and
>
> (g) whether the case involves issues important to the public.

25.     Applying the Third Circuit's balancing test in the instant litigation demonstrates that the Parties have good cause for this motion. To proceed with discovery, the parties will need to disclose to one another information they deem Protected Information, including competitively sensitive marketing, financial, sales, and other confidential business and business strategy information. Public disclosure of such information could irreparably harm the Parties' business interests. Moreover, such information would be of no interest or value to the general public, except as to those persons who would seek to unlawfully exploit such information. The Protected Information at issue is not important to matters of public health or safety. For these reasons, the proposed Protective Order should be entered.

26. The parties understand and agree that the Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**Miscellaneous**

27. This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants, experts, and any persons or organizations over which they have direct control.

28. Nothing herein shall alter or change the discovery provisions of the Federal Rules of Civil Procedure, local rules for The Middle District of Pennsylvania, or the Court's own orders. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and Policies of the Federal Rules of Civil Procedure, the local rules for The Middle District of Pennsylvania, or the Court's own orders.

29. Nothing herein shall alter, change, or affect in any way the rights, remedies, and obligations of the parties under or related to any of the agreements between the parties or any subset thereof. Nothing herein does or shall be deemed to grant or waive any right under or related to any intellectual property of a party or a third party.

Respectfully submitted this __8___ day of _____July_____ 2024.

By: /s/ _____
    Douglas Panzer (PA ID#203354)
    Caesar Rivise, PC
    7 Penn Center, 12th Floor
    1635 Market Street
    Philadelphia, PA 19103-2212
    215.567.2010
    dpanzer@crbcp.com

*Attorneys for Plaintiff*
*Endless Mountain Behavioral Health Center Inc.*

By: /s/      /Anthony H. Chwastyk/_____
    Anthony H. Chwastyk (PA ID#306914)
    Madison G. Hewitt (PA ID#332308)
    1600 Market Street, 32nd Floor
    Philadelphia, PA 19103
    215-5564-1700
    achwastyk@cohenseglias.com
    mhewitt@cohenseglias.com

*Attorneys for Defendant*
*Endless Mountains Extended Care, LLC*

IT IS SO ORDERED

BY THE COURT:

Dated: __July 15, 2024_____

*s/ Matthew W. Brann*_____
Matthew W. Brann
Chief United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC.<br><br>          Plaintiff,<br>v.<br><br>ENDLESS MOUNTAINS EXTENDED CARE, LLC<br><br>          Defendant. | Docket No. 4:24-cv-00701-MWB<br><br>JURY TRIAL DEMANDED<br>CHIEF JUDGE BRANN |

**UNDERTAKING PURSUANT TO STIPULATED PROTECTIVE ORDER**

    I, _____, declare that:

1.     My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.     I have received a copy of the Stipulated Protective Order in this Litigation. I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this Litigation any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is disclosed to me.

4.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this Litigation.

2

5. No later than the final conclusion of this Litigation, including any and all appeals, I agree to destroy or return to counsel for the party for whom I was employed or retained all information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in my possession, including all summaries, abstracts, schedules, and drafts, and all documents or things which I prepared relating thereto.

6. I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC.<br><br>Plaintiff,<br><br>v.<br><br>ENDLESS MOUNTAINS EXTENDED CARE, LLC<br><br>Defendant. | Docket No. 4:24-cv-00701-MWB<br><br>JURY TRIAL DEMANDED<br><br>CHIEF JUDGE BRANN |

## ADDENDUM A

## HIPAA ADDENDUM TO PROTECTIVE ORDER

Plaintiff, Endless Mountain Behavioral Health Center, Inc., and Defendant, ENDLESS Mountains Extended Care, LLC, recognize the need to provide for the expeditious transfer of Protected Health Information ("PHI") to other parties and to their representatives in connection with this litigation and further recognize the need to provide for the continued confidentiality of PHI. To achieve these goals, the Parties agree that the following DEFINITIONS and TERMS AND LIMITATIONS shall be incorporated into and become a part of the Stipulated Protective Order entered by this Court:

### DEFINITIONS

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the

1

payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

"Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

"Signatories" means all parties to this litigation, their attorneys, and all non-parties that a court may subsequently recognize as a signatory of this qualified protective order.

## TERMS AND LIMITATIONS

1. The Signatories are familiar with HIPAA and the Privacy Standards.

2. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and nonparties and their attorneys and representatives.

3. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this litigation.

4. The Signatories agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

5. Any PHI that is disclosed during the course of this lawsuit shall remain the property of the Signatory who disclosed said PHI.

6. The Signatories shall use appropriate safeguards to prevent the use and/or disclosure of PHI other than what is reasonably permitted in connection with this lawsuit.

7. The Signatories are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

8. In the event of an unauthorized access, use, and/or disclosure of PHI in the possession of a receiving Signatory, said Signatory shall report said unauthorized access, use, and/or disclosure to the disclosing Signatory within five (5) days of becoming aware of such unauthorized activity and in accordance with the Privacy Standards.

9. The Signatories agree that within 90 days of the issuance of a final order, or the extinguishment of all appeals, all Signatories that obtained PHI during the course of this lawsuit shall destroy said PHI or return it to the covered entity from which it obtained the PHI.