# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
### (WILLIAMSPORT)

| | |
|---|---|
| ENDLESS MOUNTAIN BEHAVIORAL HEALTH CENTER INC.<br><br>                    Plaintiff,<br><br>v.<br><br>ENDLESS MOUNTAINS EXTENDED CARE, LLC<br><br>                    Defendant. | Docket No. 4:24-cv-00701-MWB<br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIMS

Plaintiff Endless Mountain Behavioral Health Center Inc., ("EMBHC" or "Plaintiff"), by and through its undersigned counsel, hereby submits its Answer to Defendant Endless Mountains Extended Care, LLC ("EMEC" or "Defendant")'s Amended Counterclaims:

1. With respect to the Preliminary Statement in Paragraph 1 of Defendant's Amended Counterclaims, Plaintiff admits that Defendant has brought Amended Counterclaims alleging trademark infringement under 15 U.S.C. § 1125(a)(1)(A), and trademark infringement and unfair competition under Pennsylvania common law, and that Defendant alleges entitlement to declaratory judgment, entitlement to damages for the foregoing, and entitlement to injunctive relief. Plaintiff denies that any of these claims are meritorious, denies that Plaintiff has caused any damages to Defendant, and denies that Defendant is entitled to said relief.

2. Upon information and belief, Plaintiff admits the allegations in Paragraph 2 of Defendant's Amended Counterclaims.

3.     Plaintiff admits the allegations in Paragraph 3 of Defendant's Amended Counterclaims.

4.     Plaintiff admits the allegations in Paragraph 4 of Defendant's Amended Counterclaims.

5.     Plaintiff admits that this case falls within the purview of the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and that the ability to grant injunctive relief falls under 15 U.S.C. § 1116.  Plaintiff denies the remainder of the allegations in Paragraph 5 of Defendant's Amended Counterclaims and specifically denies that Defendant is entitled to or should be awarded the declaratory and injunctive relief it requests.

6.     Plaintiff admits the allegations in Paragraph 6 of Defendant's Amended Counterclaims with the exception that Plaintiff clarifies that it filed its Complaint in the United States District Court for the Eastern District of Pennsylvania and not the United States District Court for the Middle District of Pennsylvania, as venue was ordered transferred to the Middle District of Pennsylvania per the April 8, 2024 Order (ECF 5) in this matter.

7.     Plaintiff admits the allegations in Paragraph 7 of Defendant's Amended Counterclaims.

8.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of Defendant's Amended Counterclaims and therefore denies them.

9.     Upon information and belief from the Pennsylvania Department of Drug and Alcohol Program (DDAP)'s list of licensed Drug and Alcohol Facilities, Plaintiff admits the allegations of Paragraph 9 of Defendant's Amended Counterclaims.

10.    Plaintiff denies the allegations in Paragraph 10 of Defendant's Amended Counterclaims as stated.  By way of further response, upon information and belief, including reference to the American Society of Addiction Medicine's (ASAM's) website at https://www.asam.org/asam-criteria/about-the-asam-criteria, the ASAM uses criteria distinguishing various and discrete forms and levels of short-term and long-term care covering inpatient care (Level 4), residential care (Level 3), intensive, high-intensity, and medically managed intensive outpatient care (Level 2), outpatient care (Level 1), and recovery residence care (RR).

11.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of Defendant's Amended Counterclaims regarding who Defendant exclusively works with, and therefore denies them.

12.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of Defendant's Amended Counterclaims and therefore denies them.

13.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of Defendant's Amended Counterclaims and therefore denies them.

14.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of Defendant's Amended Counterclaims and therefore denies them.

15.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of Defendant's Amended Counterclaims and therefore denies them.

16.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of Defendant's Amended Counterclaims and therefore denies them.

17.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Defendant's Amended Counterclaims and therefore denies them.

18.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of Defendant's Amended Counterclaims and therefore denies them.  Plaintiff also avers that the statements pertaining to alleged notoriety, recognition, and goodwill of EMEC's company name are legal conclusions to which no response is required.

19.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of Defendant's Amended Counterclaims and therefore denies them.

20.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of Defendant's Amended Counterclaims and therefore denies them.

21.     Upon information and belief, Plaintiff admits that Exhibit C of Defendant's Amended Answer and Counterclaims (ECF 19-1) purports to show a Pennsylvania service mark registration issued to Defendant on September 14, 2023, in Class 44 for "drug and alcohol treatment facility."  To the extent that the allegations in Paragraph 21 state or imply that the registration was for "Endless Mountains Extended Care" as a word mark, Defendant denies this allegation and clarifies that the registration alleged to be evidenced by Exhibit C is for a design mark featuring an abstract mountain within a circle and the literal element "Endless Mountains

Extended Care 3.5 Residential Drug & Alcohol Treatment" appearing beneath the circle as shown below. The allegations of Paragraph 21 of Defendant's Amended Counterclaims are therefore denied as stated.



22.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of Defendant's Amended Counterclaims and therefore denies them.  Further, to the extent that Defendant's statements regarding "the prevalence of its brand" alleges goodwill, fame, notoriety, or other indicia of strength or distinctiveness of Defendant's "Endless Mountains Extended Care" company name as an enforceable trademark or service mark, Plaintiff submits that this is a legal conclusion to which no response is required and reincorporates the allegations of its Complaint that Defendant's use of "Endless Mountains" is geographically descriptive and Defendant does not possess any exclusive rights in the geographic identifier "Endless Mountains" or "Endless Mountain" as an enforceable trademark and/or service mark used in connection with drug and alcohol treatment services ("Defendant's Services").

23.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of Defendant's Amended Counterclaims and therefore denies them.  Further, to the extent that Defendant's statement alleging Defendant having a "well-known and immediately recognizable brand" posits goodwill, fame, notoriety, or other indicia of strength or distinctiveness of Defendant's "Endless Mountains Extended Care" company name as an

enforceable trademark or service mark, Plaintiff submits that this is a legal conclusion to which no response is required and reincorporates the allegations of its Complaint that Defendant's use of "Endless Mountains" is geographically descriptive and Defendant does not possess any exclusive rights in the geographic identifier "Endless Mountains" or "Endless Mountain" as an enforceable trademark and/or service mark used in connection with Defendant's Services.

24.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of Defendant's Amended Counterclaims and therefore denies them.

25.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of Defendant's Amended Counterclaims and therefore denies them. Further, to the extent that Defendant's statement alleging Defendant having a "well-earned reputation" posits goodwill, fame, notoriety, or other indicia of strength or distinctiveness of Defendant's "Endless Mountains Extended Care" company name as an enforceable trademark or service mark, Plaintiff submits that this is a legal conclusion to which no response is required and reincorporates the allegations of its Complaint that Defendant's use of "Endless Mountains" is geographically descriptive and Defendant does not possess any exclusive rights in the geographic identifier "Endless Mountains" or "Endless Mountain" as an enforceable trademark and/or service mark used in connection with Defendant's Services.

26.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of Defendant's Amended Counterclaims and therefore denies them.

27.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of Defendant's Amended Counterclaims and therefore denies

them.  Further, Plaintiff submits that the statement that "the value of EMEC's good will is substantial" is a legal conclusion to which no response is required.

28.    While Plaintiff admits that "Endless Mountains Extended Care, LLC" is a registered domestic limited liability company with the Pennsylvania Department of State, Plaintiff denies the remainder of the allegations of Paragraph 28 of Defendant's Amended Counterclaims. Specifically, Plaintiff is unaware of any registration of "Endless Mountains Extended Care" as a fictious name with the Pennsylvania Department of State.  Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of whether Defendant exclusively used "Endless Mountains Extended Care" as a business name as of March 2, 2023, and Plaintiff denies that Defendant was an exclusive user of the phrase "Endless Mountains" and/or "Endless Mountain" and denies that Defendant's use is an enforceable trademark or service mark use in connection with Defendant's Services.

29.    Plaintiff admits that it has a principal place of business in Sayre, Pennsylvania, Bradford County.  Plaintiff denies the remainder of the allegations of Paragraph 29 of Defendant's Amended Counterclaims as stated.  By way of further response Plaintiff operates a facility with a 3.5 ASAM classification which provides inpatient residential care for drug and alcohol users known as "clinically managed high-intensity residential" care and a 3.7 ASAM classification which provides inpatient residential detox services for drug and alcohol users known as "medically managed residential" care.

30.    Plaintiff admits the allegations of Paragraph 30 of Defendant's Amended Counterclaims.

31.    Plaintiff denies the allegations of Paragraph 31 of Defendant's Amended Counterclaims as stated.  By way of further response, Plaintiff admits that Plaintiff's Facility

Number 087030 received a classification as a level 3.5 facility by the ASAM but additionally submits that the same facility has also received ASAM classification as a level 3.7WM facility as shown in Exhibit B of Defendant's Amended Counterclaims (ECF 19-1).

32.    Plaintiff lacks sufficient knowledge or information regarding Defendant's allegations as to its definition of or rights in Defendant's "Territory" permitting Plaintiff to form a belief as to the truth of the allegations in Paragraph 32 of Defendant's Amended Counterclaims and therefore denies them, with the exception that Plaintiff admits that both Plaintiff and Defendant offer services in the "Endless Mountains Heritage Region" as recognized by the Bureau of Recreation and Conservation's Pennsylvania Heritage Areas Program.

33.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of Defendant's Amended Counterclaims and therefore denies them.   To the extent that Defendant attempts to allege likelihood of confusion by mentioning "instances of confusion", Plaintiff submits that this is a legal conclusion to which no response is required.

34.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of Defendant's Amended Counterclaims and therefore denies them.

35.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, subparts (a) through (l), of Defendant's Amended Counterclaims and therefore denies them.  Plaintiff further responds that Defendant's use of the phrase "actual confusion" states a legal conclusion to which no response is required.  By way of further response, Plaintiff addresses the allegations in Paragraph 35 by subpart as follows:

a.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(a) and therefore denies them.

b.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(b) and therefore denies them.  By way of further response, as shown in Exhibit A of Defendant's Amended Counterclaims (ECF 19-1), Plaintiff is not listed as a second location of Defendant by the DDAP.

c.      Plaintiff denies the allegations of Paragraph 35(c). By way of further response, Plaintiff has no knowledge of any representative of Plaintiff ever stating that Plaintiff was the "new and improved Endless Mountain."

d.      Plaintiff denies the allegations of Paragraph 35(d). By way of further response, while Plaintiff has no knowledge of whether Defendant had purchased a vendor table for the conference, Plaintiff did register as a "Bronze Level" vendor/exhibitor attendee of the Pennsylvania Association of Treatment Court Professional's 2023 Annual Conference. Thus, Plaintiff was entitled to a vendor table.

e.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(e) and therefore denies them.

f.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(f) and therefore denies them.

g.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(g) and therefore denies them.

h.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(h) and therefore denies them.

i.      Plaintiff lacks the knowledge or information to form a belief as to the truth of and therefore denies the allegations in Paragraph 35(i) referring to: any facts or claims of which White Deer Run Treatment Network "was advised"; any "contact" alleged to have been made by mistake, including whether this subpart alleges that a patient or White Deer Run Treatment Network made the alleged contact; and any of the text presented in quotation marks in this subpart of Defendant's Amended Counterclaims.  Plaintiff further specifically denies that White Deer Run Treatment Network approves or is permitted to approve any patients for treatment at facilities that are not their own, including Plaintiff's and, upon information and belief, Defendant's.

j.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(j) and therefore denies them.

k.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(k) stating that Defendant "is having difficulty re-negotiating its Fidelis contract" and therefore denies them. Plaintiff denies the remaining allegations of Paragraph 35(k).  By way of further response, Plaintiff expressly denies the allegation that Plaintiff has ever been "dropped" as an approved provider by Fidelis.  As of the date of this Answer to Defendant's Amended Counterclaims, Plaintiff has no past service provider relationship with Fidelis.

l.      Plaintiff lacks the knowledge or information to form a belief as to the truth of the allegations in Paragraph 35(l) and therefore denies them.

36.     Paragraph 36 of Defendant's Amended Counterclaims states a legal conclusion to which no response is required.   To the extent that Paragraph 36 alleges that Plaintiff has infringed any trademark or service mark of Defendant through its uses of the phrases "actual confusion" and "continued confusion is likely", Plaintiff denies this allegation.    To the extent a response is required, Plaintiff reiterates that the terms "Endless Mountain" and "Endless Mountains" are

geographically descriptive, as admitted by Defendant, and on that basis denies the allegation of Paragraph 36, including specifically that Defendant has, has ever had, or has acquired any exclusive rights in such term, or that any legally cognizable confusion "plagued every facet of EMEC's business" or has resulted amongst "Stakeholders" as defined in Paragraph 36.

37.     Plaintiff admits that an attorney representing Defendant sent Plaintiff a letter on or about September 20, 2023, stating that Plaintiff's "use of 'Endless Mountain' is in violation of EMEC's common law trademark rights, common law service mark rights, and trade name rights." However, Plaintiff denies that any of its conduct has infringed any valid and enforceable trademark or service mark owned by Defendant.  Plaintiff additionally denies that it has violated any trade name rights owned by Defendant. To the extent the allegation of Paragraph 37 of Defendant's Amended Counterclaims states a legal conclusion in its use of the phrase "put EMBHC on notice" Plaintiff states that no response is required.

38.     To the extent Paragraph 38 of Defendant's Amended Counterclaims states a legal conclusion, no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 38 of Defendant's Amended Counterclaims.

39.     Paragraph 39 of Defendant's Amended Counterclaims contains legal conclusions to which no response is required.  To the extent that Paragraph 39 states or implies any factual allegations, Plaintiff denies them.

40.     Paragraph 40 of Defendant's Amended Counterclaims contains legal conclusions to which no response is required.  To the extent that Paragraph 40 states or implies any factual allegations, Plaintiff denies them.

41.     Paragraph 41 of Defendant's Amended Counterclaims contains legal conclusions to which no response is required.  To the extent that Paragraph 41 states or implies any factual allegations, Plaintiff denies them.

## COUNT I:
## ALLEGED TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1125(a)(1)(A)

42.     Plaintiff reincorporates the responses in Paragraphs 1-41 (responding to Paragraphs 1-41 of Defendant's Amended Counterclaims) by reference in response to Paragraph 42.

43.     Paragraph 43 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 43.

44.     Paragraph 44 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff admits that "Endless Mountains" as used by Defendant in its company name is geographically descriptive for referencing a geographic region.  Plaintiff denies that Defendant's use of "Endless Mountains" is trademark or service mark use.  Plaintiff additionally denies that "Endless Mountains Extended Care" has obtained secondary meaning or acquired distinctiveness in the Northeastern Pennsylvania and Southern Tier New York region, or any other geographic area, with respect to Defendant's services.

45.     Paragraph 45 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required, while Plaintiff admits that Defendant's use of "Endless Mountains" is a geographically descriptive phrase, Plaintiff denies the remainder of the allegations in Paragraph 45, including that "Endless Mountains" is a source identifier of Defendant.  Specifically, both Plaintiff and Defendant lack sufficient knowledge or

12

information to form a belief as to the truth of the allegations in Paragraph 45 regarding the significance of Defendant's use of "Endless Mountains" in the minds of consumers, and thus Plaintiff denies this allegation and leaves Defendant to its proof at trial.

46.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of Defendant's Amended Counterclaims and therefore denies them.

47.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of Defendant's Amended Counterclaims and therefore denies them.  By way of further response, Defendant's statement that EMEC's use of "Endless Mountains" is "prima facie evidence of acquired distinctiveness under 15 U.S.C. § 1052(f)" is a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff reiterates that the terms "Endless Mountain" and "Endless Mountains" are geographically descriptive as admitted by Defendant, denies that Defendant's use of "Endless Mountains" has been or is exclusive, denies that Defendant's use of "Endless Mountains" has acquired distinctiveness within the meaning of 15 U.S.C. § 1052(f), and leaves Defendant to its proof at trial.

48.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of Defendant's Amended Counterclaims and therefore denies them.

49.     Paragraph 49 of Defendant's Amended Counterclaims states legal conclusions to which no response is required with respect to: the alleged similarity of the business names, which Defendant alleges are trademark uses of the terms comprising those names; "actual confusion"; that such alleged confusion "resulted" from one or more facts alleged; and that confusion is "likely

to continue in the future". To the extent a response is required, Plaintiff reiterates that the terms "Endless Mountain" and "Endless Mountains" are geographically descriptive, as admitted by Defendant, and on that basis denies the allegation of Paragraph 49, including specifically that any legally cognizable confusion may "result", has resulted, or is likely to result with Stakeholders as defined by Defendant in Paragraph 36 of Defendant's Amended Counterclaims in the future.

50.    Paragraph 50 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required and any factual allegation is alleged, Plaintiff denies the allegations of Paragraph 50.

51.    Paragraph 51 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52.    Paragraph 52 of Defendant's Amended Counterclaims states legal conclusions to which no response is required, particularly in its allegations that the parties' names are "confusingly similar" and its allegation of infringement.  Plaintiff admits that it operates under the name "Endless Mountain Behavioral Health Center" but denies the remainder of the allegations in Paragraph 52 of Defendant's Amended Counterclaims. Specifically, Plaintiff denies that its use of "Endless Mountain Behavioral Health Center" is confusingly similar to any business name used by Defendant and denies that it has infringed any trademark or service mark rights of Defendant.

53.    Paragraph 53 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 53.  Plaintiff avers that "Endless Mountains Extended Care" and "Endless Mountain Behavioral Health Center", while both containing a descriptive geographic term, are not

"nearly identical," as the phrases "Extended Care" and "Behavioral Health Center" are different in appearance, sound, and meaning.    Moreover, as "Endless Mountains" is a geographically descriptive term and is not part of an enforceable trademark or service mark, Plaintiff denies that "Endless Mountains" is a dominant element of "Endless Mountains Extended Care", as the "Extended Care" portion is equally important to describing Defendant's services to consumers.

54.    Paragraph 54 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 54, as Plaintiff contends Defendant's use of "Endless Mountains" is not a trademark use and does not possess strength as such given the phrase's geographically descriptive nature.  Regarding how patients, referral sources, or payors refer to Defendant, Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies the same.

55.    Plaintiff denies the allegations set forth in Paragraph 55 of Defendant's Amended Counterclaims.

56.    Plaintiff responds that to the extent the allegation of Paragraph 56 of Defendant's Amended Counterclaims states a legal conclusion or legal conclusions in its use of the phrase "EMBHC was put on notice" and "should have known" the facts alleged, Plaintiff states that no response is required. To the extent Paragraph 56 of Defendant's Amended Counterclaims requires a response, Plaintiff admits that Plaintiff received a letter dated September 20, 2023, from an attorney representing Defendant containing allegations against Plaintiff. Plaintiff denies that these allegations are meritorious.  Plaintiff denies the remainder of the allegations set forth in Paragraph 56 of Defendant's Amended Counterclaims. Plaintiff specifically denies that it was aware of

Defendant at the time of Defendant's formation or that Plaintiff "should have known" of Defendant.

57.    Plaintiff denies the allegations set forth in Paragraph 57 of Defendant's Amended Counterclaims.  Plaintiff maintains that it uses the phrase "Endless Mountain" as a geographic descriptor, in good faith and not as a trademark, service mark, or "standalone source identifier."

58.    Plaintiff admits that it uses the phrase "Endless Mountain" on its website. However, Plaintiff denies any implication made by Paragraph 58 of Defendant's Amended Counterclaims that it uses the phrase as a source identifier.  Moreover, where Plaintiff uses the phrase "Endless Mountain", it frequently uses other language on its website that further specifies Plaintiff's geographic location, such as where Plaintiff states "Endless Mountain in Sayre, PA" on its webpage at https://endlessmountainbhc.com/about/.

59.    Plaintiff admits that it uses the phrase "Endless Mountain" on its website.   Plaintiff also avers that its use of "Endless Mountain" is expressly permitted under 15 U.S.C. § 1115(b)(4). To the extent that Defendant's statement in Paragraph 59 alleges that Plaintiff uses "few" references to "Behavioral Health Center" in connection with Plaintiff's name  "Endless Mountain Behavioral Health Center", Plaintiff states that such allegation is vague and indefinite, precluding Plaintiff from any objective understanding of the allegation and, on that basis, Plaintiff denies the same.

60.    Plaintiff denies the allegations in Paragraph 60 of Defendant's Amended Counterclaims.

61.    Plaintiff denies the allegations in Paragraph 61 of Defendant's Amended Counterclaims.  By way of further response, Plaintiff reaffirms that its use of "Endless Mountain" is as a geographic descriptor, in good faith, and not as a trademark or service mark.  Plaintiff also

reincorporates by reference Paragraphs 25-37 of Plaintiff's Complaint (ECF 1) identifying the multiple third-party businesses and organizations using the phrases "Endless Mountain" or "Endless Mountains" in the Endless Mountains region of Pennsylvania. Many of these third parties have used the phrases "Endless Mountains" or "Endless Mountain" long before Defendant, including but not limited to the Endless Mountains Veterinary Center P.C. (*see* Paragraph 32 of Complaint) since 1917 according to its website at https://emvets.com/history/ and the Endless Mountains Medical Care Foundation, part of Endless Mountains Health System (*see* Paragraph 31 of Complaint), which was established in 1997 according to its website at https://www.endlesscare.org/emmcf#:~:text=Endless%20Mountains%20Medical%20Care%20Foundation,a%20charitable%20foundation%20in%201997 and also uses the phrase "Endless Mountains" in connection with healthcare.

62.    Paragraph 62 of Defendant's Amended Counterclaims states legal conclusions to which no response is required. To the extent a response is required, while Plaintiff admits that both Plaintiff and Defendant use a geographic descriptor of the Endless Mountains region in their business names, Plaintiff denies the remaining allegations in Paragraph 62 of Defendant's Amended Counterclaims.

63.    Paragraph 63 and corresponding subparts a-d of Defendant's Amended Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in Paragraph 63 and corresponding subparts a-d of Defendant's Amended Counterclaims.

64.    Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 64 of Defendant's Amended Counterclaims.

65.     Paragraph 65 states legal conclusions to which no response is required.  With respect to the factual allegations of Paragraph 65, Plaintiff denies the allegations of Paragraph 65 of Defendant's Amended Counterclaims.

66.     Paragraph 66 states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of Paragraph 66 of Defendant's Amended Counterclaims.

67.     Plaintiff denies the allegations of Paragraph 67 of Defendant's Amended Counterclaims.  Specifically, Plaintiff lacks knowledge or information regarding Defendant's alleged financial losses or gains to form any belief as to the truth of Defendant's allegations and therefore denies the same. Plaintiff additionally specifically denies that any monetary loss, should it exist, is a result of Plaintiff's use of the geographic descriptor "Endless Mountain" in connection with its behavioral healthcare facility.

Plaintiff further denies that Defendant is entitled to any of the relief sought in the paragraph immediately following Paragraph 67.

## COUNT II:
## DEFENDANT'S ALLEGED ENTITLEMENT TO DAMAGES UNDER 15 U.S.C. § 1125(a)(1)(A)

68.     Plaintiff reincorporates the responses in Paragraphs 1-67 (responding to Paragraphs 1-67 of Defendant's Amended Counterclaims) by reference in response to Paragraph 68.

69.     Paragraph 69 states legal conclusions to which no response is required, including Defendant's statements regarding "interstate commerce", alleging Plaintiff used a "false designation of origin", "actual confusion", and likelihood of confusion.  To the extent a response is required, Plaintiff denies the allegations of Paragraph 69 of Defendant's Amended Counterclaims.

70.    Plaintiff denies the allegations of Paragraph 70 of Defendant's Amended Counterclaims.  Plaintiff further states that Defendant's statements regarding whether Plaintiff's statements are or were allegedly "false and misleading" are legal conclusions to which no response is required.

71.    Plaintiff denies the allegations of Paragraph 71 of Defendant's Amended Counterclaims.  Plaintiff further states that Defendant's statements regarding alleged "acts of infringement", "EMEC's prior rights in the EMEC Mark", "willful intent to cause confusion", alleged unfair competition, and alleged intent to trade on goodwill are legal conclusions to which no response is required.  However, Plaintiff denies the same.

72.    Plaintiff denies the allegations of Paragraph 72 of Defendant's Amended Counterclaims.  Plaintiff further avers that Defendant's statements regarding alleged unfair profits and actual confusion, and to the extent Defendant's statements imply likelihood of confusion, are legal conclusions to which no response is required.  However, Plaintiff denies the same.

73.    Plaintiff denies the allegations of Paragraph 73 of Defendant's Amended Counterclaims.  Plaintiff further avers that Defendant's statements regarding allegations of damage to Defendant's "goodwill" is a legal conclusion to which no response is required.  However, Plaintiff denies the same and reiterates that the terms "Endless Mountain" and "Endless Mountains" are geographically descriptive, as admitted by Defendant, and denies that any legally cognizable confusion has occurred or will result.

74.    Plaintiff denies the allegations of Paragraph 74 of Defendant's Amended Counterclaims.

**COUNT III:**

**DEFENDANT'S REQUEST FOR INJUNCTIVE RELIEF**

75.     Plaintiff reincorporates the responses in Paragraphs 1-74 (responding to Paragraphs 1-74 of Defendant's Amended Counterclaims) by reference in response to Paragraph 75.

76.     Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, while Plaintiff admits that Defendant has used the name "Endless Mountains Extended Care" as a business name, Plaintiff denies the remainder of the allegations in Paragraph 76 of Defendant's Amended Counterclaims.

77.     Plaintiff denies the allegations of Paragraph 77 of Defendant's Amended Counterclaims.   Plaintiff further submits that Defendant's statements regarding alleged infringement, unfair competition, and likelihood of confusion are legal conclusions to which no response is required but that Plaintiff nonetheless denies.

78.     Paragraph 78 of Defendant's Amended Counterclaims states legal conclusions, in its preamble and in reference to the allegations of Paragraph 35 of Defendant's Amended Counterclaims, to which no response is required.  To the extent a response is required to Paragraph 78 of Defendant's Amended Counterclaims regarding the allegation of "actual confusion," Plaintiff reiterates that the terms "Endless Mountain" and "Endless Mountains" are geographically descriptive, as admitted by Defendant, and on that basis denies the allegation of Paragraph 78, including specifically that any legally cognizable confusion or infringement may result, has resulted, or may be "cause[d]" or "create[ed]" by acts of Plaintiff.

79.     Paragraph 79 of Defendant's Amended Counterclaims states legal conclusions to which no response is required.  To the extent a response is required to Paragraph 79 of Defendant's Amended Counterclaims regarding the allegations of infringement, likelihood of confusion, and actual confusion, Plaintiff reiterates that the terms "Endless Mountain" and "Endless Mountains"

are geographically descriptive, as admitted by Defendant, and on that basis denies the allegation

of Paragraph 79, including specifically that any legally cognizable confusion or infringement may

result, has resulted, or may be "cause[d]" or "create[ed]" by acts of Plaintiff.

80.     Paragraph 80 states legal conclusions to which no response is required.  To the

extent a response is required, Plaintiff denies the allegations of Paragraph 80 and denies that

Defendant is entitled to monetary or injunctive relief as requested in Counts II-III of Defendant's

Amended Counterclaims.

81.     Paragraph 81 states legal conclusions to which no response is required.  To the

extent a response is required, Plaintiff denies that any harm experienced by Defendant was the

result of Plaintiff's actions and denies that Defendant is entitled to the injunction requested in

Count III of Defendant's Amended Counterclaims.

82.     Paragraph 82 states legal conclusions to which no response is required.  To the

extent a response is required, Plaintiff denies the allegations of Paragraph 82.


**COUNT IV:**
**ALLEGED COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR**
**COMPETITION UNDER PENNSYLVANIA LAW**

83.     Plaintiff reincorporates the responses in Paragraphs 1-82 (responding to Paragraphs

1-82 of Defendant's Amended Counterclaims) by reference in response to Paragraph 83.

84.     Paragraph 84 states legal conclusions in the form of case law recitations to which

no response is required.

85.     Paragraph 85 states legal conclusions to which no response is required.  To the

extent a response is required, Plaintiff denies the allegations in Paragraph 85 of Defendant's

Amended Counterclaims.

86.     Paragraph 86 states legal conclusions to which no response is required.  To the extent a response is required, while Plaintiff admits that Defendant has used the name "Endless Mountains Extended Care" as a business name, Plaintiff denies the remainder of the allegations in Paragraph 86 of Defendant's Amended Counterclaims.

87.     Paragraph 87 states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 87 of Defendant's Amended Counterclaims.

88.     Paragraph 88 of Defendant's Amended Counterclaims states legal conclusions, in its preamble and in reference to the allegations in Paragraph 35 of Defendant's Amended Counterclaims, to which no response is required.  To the extent a response is required to Paragraph 88 of Defendant's Amended Counterclaims regarding the allegation of "actual confusion," Plaintiff reiterates that the terms "Endless Mountain" and "Endless Mountains" are geographically descriptive, as admitted by Defendant, and on that basis denies the allegation of Paragraph 88, including specifically that any legally cognizable confusion may result, has resulted, or may be "cause[d]" or "create[ed]" by acts of Plaintiff.

89.     Paragraph 89 states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 89 of Defendant's Amended Counterclaims.

90.     Paragraph 90 states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 90 of Defendant's Amended Counterclaims.

91.     Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 91 of Defendant's Amended Counterclaims.

92.     Plaintiff denies the allegations of Paragraph 92 of Defendant's Amended Counterclaims.  Specifically, Plaintiff lacks knowledge or information regarding Defendant's alleged monetary losses or gains to form any belief as to the truth of Defendant's allegations and therefore denies the same.  Further, Plaintiff specifically denies that its conduct has caused any monetary loss to Defendant, particularly Plaintiff's use of "Endless Mountain" as a geographic descriptor.

93.     Paragraph 93 states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 93 of Defendant's Amended Counterclaims.

Plaintiff further denies that Defendant is entitled to any of the relief set forth immediately following Paragraph 93.

## RELIEF REQUESTED

WHEREFORE, Plaintiff EMBHC denies that Defendant EMEC is entitled to any of the relief it seeks and requests that the Court enter judgment in favor of Plaintiff on each of Defendant's Amended Counterclaims, as well as entering judgment (1) declaring that Plaintiff's use of "Endless Mountain" does not infringe, create a likelihood of confusion with, or otherwise impair or violate any federal, state, or common law trademark, service mark, or trade name rights Defendant may claim to have in "Endless Mountains" or any variation thereof, and (2) awarding Plaintiff such and other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff EMBHC hereby respectfully demands a trial by jury on all issues so triable.

Dated:  October 11, 2024

**CAESAR RIVISE, PC**

By: _____

Douglas Panzer (PA Bar ID# 203354)
12th Floor
1635 Market Street
Philadelphia, PA  19103
Tel: (215) 567-2010
dpanzer@crbcp.com

*Attorneys for Plaintiff Endless Mountain Behavioral Health Center Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIMS upon counsel for Defendant, via email and ECF, on October 11, 2024, to:

Anthony H. Chwastyk <achwastyk@cohenseglias.com>

Madison G. Hewitt <mhewitt@cohenseglias.com>

**Douglas Panzer**
Caesar Rivise, PC
7 Penn Center, 12th Floor
1635 Market Street
Philadelphia, PA 19103
dpanzer@crbcp.com

*Attorneys for Plaintiff*